# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**LORENZO MOORE (01),**

    Defendant.

**Case No. 17-20058-01-DDC**

## MEMORANDUM AND ORDER

On October 20, 2020, defendant Lorenzo Moore filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 57. The government filed a Response (Doc. 59) and Mr. Moore filed a Reply (Doc. 61). For reasons explained below, the court dismisses the motion for lack of subject matter jurisdiction.

### I. Background

On September 27, 2017, a grand jury returned an Indictment charging Mr. Moore with one count of armed bank robbery violating 18 U.S.C. §§ 2113(a), 2113(d), and 2, a class B felony. Doc. 2 at 1. He entered a guilty plea to the charge of armed bank robbery. *See* Doc. 36. He faced a sentencing guideline range of 188 months to 235 months' imprisonment. Doc. 47 at 13 (PSR ¶ 64). On September 4, 2019, the court sentenced Mr. Moore to a below-guidelines sentence of 103 months' imprisonment, a term of two years' supervised release, and ordered $12,575 in restitution. Doc. 51 at 2–3, 6.

### II. Legal Standard

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th

Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule." *Id.*

Title 18 U.S.C. § 3582(c) announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]" But the statute also recognizes certain exceptions. Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request." *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (second alteration in original, citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instructions to dismiss motion for lack of jurisdiction); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).

**III.    Discussion**

        **A.    Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)**

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *Harris*, 2020 WL 7122430, at *2–3 (discussing competing readings of "the lapse of 30 days").

The government concedes that plaintiff satisfied the exhaustion or lapse requirement. Doc. 59 at 8. Mr. Moore filed his internal request for compassionate release on September 11, 2020. Doc. 57-1 at 1. Mr. Moore does not assert that more than 30 days passed in silence after he filed his request for compassionate release with the warden. *See* Doc. 57. But, the government alleges in a footnote that Mr. Moore has satisfied the exhaustion requirement because "30 days have passed since presentation of this letter to the Warden at FCI Greenville without action by the institution" and so "defendant is eligible to seek relief from this Court under Section 3582(c)(1)(A)[.]" Doc. 59 at 8 n.5. So, the court finds the exhaustion requirement is met because more than 30 days passed without a response to Mr. Moore's request for compassionate release before he filed his Motion to Reduce Sentence (Doc. 57).

### B.     Extraordinary and Compelling Reasons

The government concedes that Mr. Moore asserts medical conditions—asthma and obesity—during the COVID-19 pandemic that qualify as an extraordinary and compelling reason under § 3582(c)(1)(A) given "CDC and DOJ guidelines[.]"  Doc. 59 at 15.  The court agrees.  Mr. Moore asserts his body mass index is 35.3—which is considered obese.  Doc. 57 at 8.  The CDC designates obesity as a medical condition that puts individuals at increased risk for severe illness from COVID-19.  *See* CDC, People with Certain Medical Conditions (updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 7, 2021).  Mr. Moore also asserts that he suffers from asthma and is prescribed two different inhalers to manage his condition.  Doc. 57 at 4.  The CDC designates asthma as a medical condition that might place individuals at an increased risk of severe illness from COVID-19.  *See* CDC, People with Certain Medical Conditions (updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 7, 2021)).

Satisfied that extraordinary and compelling reasons exist here, the court next considers whether the relevant sentencing factors under 18 U.S.C. § 3553(a) warrant the sentence modification that Mr. Moore requests.

### C.     Sentencing Factors of 18 U.S.C. § 3553(a)[1]

---

[1]     The relevant sentencing factors the court considers are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

The government opposes Mr. Moore's motion because, it argues, § 3553(a)'s sentencing factors disfavor his request.  Doc. 59 at 15–18.  The government asserts that reducing Mr. Moore's sentence to time served would "run counter relative to the nature and seriousness of his violent offense and the need for his sentence to continue to provide just punishment and otherwise promote respect for the law."  *Id.* at 16.[2]

The difference between a defendant's original sentence and proposed modified sentence is proportional to the difference in the court's § 3553(a) analysis necessary to render the sentence reduction appropriate under § 3582(c)(1)(A).  *See United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *5–6 (D. Kan. Oct. 8, 2020) (discussing § 3553(a)).

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances.  *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence" (citations omitted)); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence." (citations omitted)); *cf. United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting motion under § 3582(c)(1)(A) where defendant served nearly 95% of his sentence and already had transferred to a residential re-entry center).

---

[2]   The government acknowledges that Mr. Moore "does not appear to pose a direct danger to society upon release."  Doc. 59 at 16.  But, it notes, Mr. Moore's criminal history is "replete with several convictions of a violent nature."  *Id.*

Here, Mr. Moore is set to complete his term of imprisonment on January 21, 2025. *See* Lorenzo Moore, Reg. No. 09563-045, https://www.bop.gov/inmateloc/ (last visited Jan. 7, 2021). So, roughly 48 months, or 46%, of his 103-month term of imprisonment remain. He asks the court to modify his sentence by (1) reducing his term of imprisonment to time served, (2) adding a three year term of home confinement, and (3) extending his overall term of supervised release by three years. Doc. 57 at 1–2. To grant this request would reduce the severity of Mr. Moore's sentence dramatically. The extent of that severity reduction is the difference between (1) 48 months' imprisonment and (2) 36 months' home confinement.

Replacing a period of imprisonment with a corresponding period of home confinement can mitigate the extent to which the sentence modification reduces the severity of the total sentence. *See Johnson*, 2020 WL 5981676, at *6 (discussing how replacing period of imprisonment with home confinement affects severity of total sentence). But home confinement and imprisonment generally are not equivalents. *See id.*

Here, because Mr. Moore asks the court to replace more than 46% of his term of imprisonment with a shorter term of home confinement (just 36 months), the sentence modification is substantial. A conclusion that this modified sentence is "sufficient . . . to comply with the purposes" § 3553(a)(2) sets forth would require a significant change in the court's view of § 3553(a)'s factors.

Given Mr. Moore's incarceration and health conditions during the COVID-19 pandemic, the court's assessment of various factors under § 3553(a) have shifted. The court concludes that several sentencing factors favor a lesser sentence today than when our court considered them during Mr. Moore's 2019 sentencing. But those factors have not shifted far enough for the court to conclude that the pertinent § 3553(a) factors—*in aggregate*—justify the modified sentence

Mr. Moore seeks.  The court notes that the offense conduct included threatening a bank teller by passing a note stating, "Bomb and gun, place money on counter, no alarms, no dye packs."  Doc. 47 at 4 (PSR ¶ 10).  Also, this is Mr. Moore's third conviction for bank robbery.  *Id.* at 8, 10 (PSR ¶¶ 37, 42).  So, the court concludes, the modified sentence would not reflect the applicable sentencing factors and would not comply with the purposes set forth in § 3553(a)(2).  Thus, modification of the imposed term of imprisonment is not warranted under § 3582(c)(1)(A)(i).

Since Mr. Moore's motion fails to satisfy the statutory requirements, the court lacks subject matter jurisdiction and must dismiss the motion.  *See Saldana*, 807 F. App'x at 819.

## IV.   Conclusion

Mr. Moore asks the court to modify his sentence by replacing the remainder of his term of imprisonment with a term of home confinement.  While the risks his medical conditions present to him while incarcerated during the COVID-19 pandemic do alter the court's analysis of certain sentencing factors under § 3553(a) to some extent, the shift doesn't permit the court to conclude that Mr. Moore's extraordinary and compelling reasons warrant the sentencing modification he seeks.  So, § 3582(c)(1)(A) does not allow the court to modify Mr. Moore's sentence.  The court thus must dismiss the motion for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Moore's Motion to Reduce Sentence (Doc. 57) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 21st day of January, 2021, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree_____**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**