IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LORENZO MOORE (01),

    Defendant.

Case No. 17-20058-01-DDC

# MEMORANDUM AND ORDER

This matter comes before the court on Lorenzo Moore's pro se[1] Motion for Reconsideration (Doc. 63). Mr. Moore has also filed a Supplement (Doc. 64) in support of his motion. The government has not filed a response and the time to do so has now passed. Mr. Moore asks the court to reconsider its Order (Doc. 62) dismissing his Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 57). The court dismissed the motion because 18 U.S.C. § 3553(a)'s sentencing factors did not support the requested sentence modification. Doc. 62 at 6–7. For reasons explained below, the court denies Mr. Moore's Motion for Reconsideration.

## I. Legal Standard

"Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (internal citations and quotation marks omitted). "A motion to reconsider is committed to the sound discretion of the district court," *Weaver v.*

---

[1] Because Mr. Moore filed his motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Mr. Moore's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

*City of Topeka*, 931 F. Supp. 763, 764 (D. Kan. 1996), and recognizes "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors," *United States v. Dieter*, 429 U.S. 6, 8 (1976). "D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders." *United States v. Williams*, No. 09-40024-1-JAR, 2020 WL 7081738, at *2 (D. Kan. Dec. 3, 2020) (applying D. Kan. Rule 7.3(b) to motion to reconsider court's decision denying compassionate release). A party seeking reconsideration of a non-dispositive order must file a motion "'within 14 days after the order is filed unless the court extends the time.'" *United States v. Hollins*, No. 15-20100-JAR, 2021 WL 103017, at *1 (D. Kan. Jan. 12, 2021) (quoting D. Kan. Rule 7.3(b)); *see also United States v. Heath*, 846 F. App'x 725, 728 (10th Cir. 2021) (affirming, on alternative ground, district court's denial of motion to reconsider the denial of compassionate release because defendant filed motion 26 days after order).

A "party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." *Williams*, 2020 WL 7081738, at *2. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

II.     Analysis

*First*, the court addresses the timeliness of Mr. Moore's motion. The court dismissed Mr. Moore's Motion to Reduce Sentence (Doc. 57) on January 21, 2021. Doc. 62. Mr. Moore alleges that he submitted this motion on April 8, 2021. Doc. 63 at 1 ("This request for reconsideration is being mailed on April 8, 2021, so it is timely."). He argues his motion is timely because he did not receive a copy of the court's Order until April 1, 2021. *Id.* at 1

(asserting "[h]e received a copy of this Honorable Court's denial of his Compassionate Release Motion on April 1, 2021 [even though it was dated January 21, 2021]"). Liberally construing Mr. Moore's motion, he requests an extension of time to file a motion to reconsider. A party "must file a motion [to reconsider] within 14 days after the order is filed unless the court extends the time." D. Kan. Rule 7.3(b). The court grants Mr. Moore's implicit request for an extension of time to file a motion to reconsider because Mr. Moore mailed his motion to the court seven days after receiving the court's Order.

*Second*, the court addresses whether Mr. Moore's arguments are proper for a motion to reconsider. Mr. Moore does not point to any change in the law,[2] new evidence that was not available when he filed his Motion to Reduce Sentence (Doc. 57), clear error, or manifest injustice in his motion. *See* D. Kan. Rule 7.3 (listing reasons for a motion to reconsider). Instead, Mr. Moore merely requests the court revisit its analysis of § 3553(a)'s sentencing factors and find they support compassionate release. Specifically, he requests the court re-evaluate § 3553(a)'s sentencing factors after considering his rehabilitative efforts. *See* Doc. 63 at 2–3. He argues if the court considers his "programming and rehabilitative achievements over the past 4+ years . . . it will see how Moore has changed and is a productive member of society." *Id.* at 3; *see also* Doc. 64 (attaching Mr. Moore's "ACT Work Keys National Career Readiness Certificate" in support of his motion). He asserts that he "has family ready to support him" and he has two children, one with Down Syndrome and the other with autism, who need their father.

---

[2] Mr. Moore asserts the Tenth Circuit's decision in *Maumau* held "§ 3582's factors are NOT to be considered if a defendant initiates a motion under the First Step Act." Doc. 63 at 1 (citing *United States v. Maumau*, 993 F.3d 821, 836 (10th Cir. 2021)). But *Maumau* held only that "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants." *Maumau*, 993 F.3d at 837. This court's Order (Doc. 62) did not rely on the Sentencing Commission's policy statement, provided in U.S.S.G. § 1B1.13, in dismissing his Motion to Reduce Sentence (Doc. 57). So, this argument is unavailing.

Doc. 63 at 2.  But Mr. Moore could have raised these arguments in his original motion.  *See United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016) ("A proper motion to reconsider does not simply state facts previously available or make arguments previously made.").  So, Mr. Moore has not made a proper argument for a motion to reconsider, and thus, the court denies his motion.

*Third*, Mr. Moore's arguments—to the extent he asserts the court should reconsider its Order based on a need to prevent clear error or prevent manifest injustice—fail to alter the court's conclusion that § 3553(a)'s sentencing factors disfavor his requested sentence modification.[3]  The court dismissed Mr. Moore's Motion to Reduce Sentence because, while some sentencing factors had shifted, "those factors [had] not shifted far enough for the court to conclude that the pertinent § 3553(a) factors—*in aggregate*—justify the modified sentence" he requested.  Doc. 62 at 6–7.  The court noted Mr. Moore's "'offense conduct included threatening a bank teller by passing a note stating, 'Bomb and gun, place money on counter, no alarms, no dye packs.'"  *Id.* at 7 (quoting Doc. 47 at 4 (PSR ¶ 10)).  And, it noted "this is Mr. Moore's third conviction for bank robbery."  *Id.* (citing Doc. 47 at 8, 10 (PSR ¶¶ 37, 42)).  The court reasoned that reducing Mr. Moore's sentence would no longer reflect the purposes of § 3553(a)(2).  *Id.*  This factor includes the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]"  18 U.S.C. § 3553(a)(2)(A).  Even though some § 3553(a) factors had shifted in light of the COVID-19

---

[3]  Mr. Moore also asserts "[w]hen evaluating the § 3553 factors, this Honorable Court only considered the combination of home confinement and extending Moore's overall term of supervised release" but he "believes a sentence reduction is appropriate[.]"  Doc. 63 at 2.  The court only considered the proposed sentence modification—extending supervised release and adding home confinement—because his motion requested only that relief.  Doc. 57 at 12–13.  A motion to reconsider is not an opportunity to ask for new forms of relief defendant could have requested in his original motion.  *See Amado*, 841 F.3d at 871 (a proper motion to reconsider does not make arguments previously available).

4

pandemic and Mr. Moore's health conditions, they had not shifted enough to support a 48-month —or 46%—reduction in his 103-month term of imprisonment. Doc. 62 at 7.

In his motion to reconsider, Mr. Moore argues that the court should consider his rehabilitative efforts in evaluating § 3553(a)'s factors. *See* Doc. 63 at 3. He has entered education programs and worked in UNICOR. Doc. 63-1 at 1; *see also* Doc. 64 at 2 (Mr. Moore's "ACT Work Keys National Career Readiness Certificate"). According to his attached records, Mr. Moore's disciplinary history does not list any incidents for the last six months. Doc. 63-1 at 1. The court commends Mr. Moore's rehabilitative efforts and considers them when evaluating "the history and characteristics of the defendant[.]" *See* 18 U.S.C. § 3553(a)(1). But, as just discussed, Mr. Moore could have asserted these arguments in his original motion. And they aren't proper on a motion to reconsider. But, even if the court considered his rehabilitative efforts, this is only one factor the court considers when evaluating § 3553(a)'s sentencing factors. *See* 18 U.S.C. § 3553(a) (listing factors the court considers when imposing a sentence). Mr. Moore's rehabilitative efforts do not overcome the seriousness of Mr. Moore's offense or the need for the sentence to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(B). So even if the court considered Mr. Moore's rehabilitative efforts, § 3553(a)'s sentencing factors do not support a 43-month sentence reduction—or 42%—of his 103-month term of imprisonment.[4] So, the court denies Mr. Moore's Motion for Reconsideration.

---

[4] Mr. Moore's projected release date is January 21, 2025, about 43 months from the date of this Order. *See* Lorenzo Moore, Reg. No. 09563-045, https://www.bop.gov/inmateloc/ (last visited June 18, 2021).

### III. Conclusion

Mr. Moore's Motion for Reconsideration asks the court to re-evaluate § 3553(a)'s sentencing factors, based on his rehabilitative efforts, and find they support a lesser sentence. Doc. 63 at 2–3. A motion to reconsider is not an opportunity for a party to re-visit issues the court decided or make arguments that were available before the court entered its Order. *See Voelkel*, 846 F. Supp. at 1483 ("A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."). Mr. Moore fails to make a proper argument for a motion to reconsider, so, the court denies his motion. Alternatively—to the extent Mr. Moore argues the court clearly erred or manifest injustice resulted from dismissing his motion—Mr. Moore's arguments fail to alter the court's conclusion that § 3553(a)'s sentencing factors do not support a sentence modification. Thus, the court denies Mr. Moore's Motion for Reconsideration (Doc. 63).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Lorenzo Moore's Motion for Reconsideration (Doc. 63) is denied.

**IT IS SO ORDERED.**

**Dated this 23rd day of June, 2021, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**